Paul L. Alaga, SBN 221165
Kevin Mitchell, SBN 257572
BRYANT LAW GROUP
885 Bryant Street, Suite 202
San Francisco, California 94103
415-581-0885 Tel.
415-581-0887 Fax.
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TASSIN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>EAST BAY REGIONAL PARKS DISTRICT POLICE DEPARTMENT; COUNTY OF ALAMEDA;  ALAMEDA COUNTY SHERIFF'S DEPARTMENT; East Bay Regional Parks District Police Officer MATTHEW LILLIE, Badge No. 89; and DOES 1-50,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | Case No.  18-cv-5109<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1.     This action arises under Title 42 of the United States Code, § 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

2. For State causes of action related to Federal claims, Plaintiff James Tassin ("PLAINTIFF") is required to comply with an administrative claim requirement under California law. PLAINTIFF has complied with all applicable requirements.

3. On January 5, 2018, PLAINTIFF served a Government Tort Claim on the East Bay Regional Parks District Police Department ("REGIONAL PARKS") regarding the allegations complained of herein. On March 2, 2018, REGIONAL PARKS sent a notice of rejection of claims to PLAINTIFF.

4. On January 5, 2018, PLAINTIFF served a Government Tort Claim on the County of Alameda ("COUNTY") and the Alameda County Sheriff's Department ("DEPARTMENT") regarding the allegations complained of herein. On February 22, 2018, COUNTY sent a notice of rejection of the claims to PLAINTIFF.

**PARTIES**

5. The PLAINTIFF is an individual, over the age of eighteen.

6. Defendant REGIONAL PARKS is responsible for policing the Regional Parks District in the Counties of Alameda and Contra Costa.

7. Defendant COUNTY is, and at all times mentioned herein, was a county of the State of California, existing under the Constitution and laws of the State of California.

8. Defendant DEPARTMENT is and at all times was responsible for administering the jail facilities and for making, overseeing and implementing the policies, practices and customs challenged herein relating to the operation of the Alameda County jails. The DEPARTMENT operates under the authority of Defendant COUNTY.

9. East Bay Regional Parks District Police Officer Matthew Lillie, Badge No. 89 ("LILLIE") is and was an officer for the REGIONAL PARKS during the time of the alleged unlawful acts and practices herein. LILLIE was and at all times during the times herein alleged employed by the REGIONAL PARKS in the capacity as a police officer for the REGIONAL PARKS.

10. At all times herein mentioned, Defendants DOES 1-50, each of them, were the agents, servants, and employees of either defendants REGIONAL PARKS; COUNTY; or DEPARTMENT and/or were acting within the course and scope of such agency and employment with defendants REGIONAL PARKS; COUNTY; or DEPARTMENT.

11. PLAINTIFF continues to be ignorant of the true names and capacities of Defendants, DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein. PLAINTIFF will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

12. In engaging in the conduct described herein, Defendants LILLIE and DOES 1-25 acted under the color of law and in the course and scope of their employment with Defendants REGIONAL PARKS. In engaging in the conduct described herein, Defendants LILLIE and DOES 1-25 exceeded the authority vested in them as police officers under the United States and California Constitutions and as officers employed by Defendants REGIONAL PARKS.

13. In engaging in the conduct described herein, Defendants DOES 26-50 acted under the color of law and in the course and scope of their employment with Defendants DEPARTMENT. In engaging in the conduct described herein, Defendants DOES 26-50 exceeded the authority vested in them as police officers under the United States and California Constitutions and as officers employed by Defendant DEPARTMENT.

14. Defendants LILLIE and DOES 1-50 have engaged in repeated acts of misconduct similar to those alleged herein while employed with Defendant REGIONAL PARKS and DEPARTMENT.

## STATEMENT OF FACTS

15. On April 13, 2017 at approximately 10:20p.m., LILLIE was patrolling the Martin Luther King Regional Shoreline in the County of Alameda and noticed a white Jeep Cherokee parked with two African-American occupants. Defendant LILLIE had dispatch run the license plate of the vehicle and conducted a traffic stop. The Cherokee was occupied by a bald-headed African American male ("SUSPECT"), in the driver's seat and an African American female ("PASSENGER") in front passenger seat. Defendant LILLIE detained the two individuals because the vehicle was parked after curfew hours in an empty dirt lot across the freeway from the Coliseum in Oakland.

16. In effectuating the stop, LILLIE activated his body camera and approached the vehicle. Upon request, the female passenger verbally provided her name and date of birth, which the officer verified

as valid through dispatch. The SUSPECT did not produce a driver's license or any form of physical identification. Instead, he verbally identified himself as James Tassin and provided a birthdate of 7/14/1972.

17. Before LILLIE could radio dispatch regarding the SUSPECT, the SUSPECT fled in the Cherokee from the traffic stop, evading LILLIE. After pursuing the SUSPECT into the Oakland Streets, LILLIE's supervisor called off the pursuit.

18. After the pursuit of the SUSPECT was called off, LILLIE was informed that the vehicle had a release of liability to Insurance Auto Auctions in Fremont California. Dispatch also informed LILLIE that there was no record of a James Tassin with a 7/14/1972 birthdate. Dispatch did inform LILLIE that there was a James Tassin with a birthdate of 12/09/1973 who was on probation in the County of Alameda. Defendant LILLIE searched the Consolidated Records Information Management System ("CRIMS") and was provided a photograph of PLAINTIFF. The photograph depicted PLAINTIFF with long dreadlocks and having facial features which did not match or resemble that of the SUSPECT in any manner. At this point, it was or should have been clear that PLAINTIFF was not the SUSPECT.

19. After looking at the CRIMS photograph, which objectively demonstrated that PLAINTIFF was not the SUSPECT, Defendant LILLIE disregarded the photographic evidence and continued to maintain that SUSPECT and LILLIE were the same person. Defendant LILLIE made no further effort to establish that the SUSPECT was actually PLAINTIFF. For instance, despite LILLIE having access to the Oakland address of PLAINTIFF's residence, he did not make any attempt to visit that residence. Had LILLIE gone to PLAINTIFF's home, he would have found PLAINTIFF asleep, with dreadlocks (not bald as was SUSPECT) and not resembling SUSPECT in any manner (other than they are both African-American). Defendant LILLIE would have further irrefutable evidence that PLAINTIFF was not the SUSPECT.

20. In a similar lack of effort and diligence, no one from REGIONAL PARKS went to PLAINTIFF's house that night, next day, the next week, or the next month to investigate whether PLAINTIFF was the SUSPECT.

21. Furthermore, neither LILLIE nor anyone from REGIONAL PARKS attempted to question the PASSENGER about the incident, the vehicle or specifically the identity of the SUSPECT—despite having her address.

22. Neither LILLIE nor anyone from REGIONAL PARKS engaged in a visual comparison of LILLIE's body camera video evidence ("VIDEO"), obtained and accessible to LILLIE and REGIONAL PARKS, with that on file with the Department of Motor Vehicles or with CRIMS—to which LILLE and REGIONAL PARKS had access.

23. Had LILLIE or anyone from REGIONAL PARKS compared the VIDEO footage to the DMV Photo or the CRIMS photos of PLAINTIFF it was have been additionally and independently clear to anyone so viewing that the SUSPECT and PLAINTIFF were not the same individual and that that no warrant should issue for PLAINTIFF's arrest.

24. Defendant LILLIE knew, or should have known, that that SUSPECT and the PLAINTIFF was not the same person. With a deliberate, reckless and wanton indifference to that fact, LILLIE requested that a warrant issue for PLAINTIFF's arrest. In doing so, LILLIE intentionally perjured himself when he stated under penalty of perjury that he believed that the photograph of PLAINTIFF in CRIMS was the same person as the SUSPECT. Defendant LILLIE knew that the SUSPECT and PLAINTIFF was not the same person when he stated so under penalty of perjury. Defendant LILLIE did this knowing that PLAINTIFF would be arrested and incarcerated.

25. Rather than do the minimal effort which would have dispelled any possible belief that PLAINTIFF was the SUSPECT, Defendant LILLIE simply applied for an arrest warrant for PLAINTIFF based on perjury and/or a reckless disregard for the truth.

26. During this period, PLAINTIFF was on probation and attending work furlough at the Alameda County Jail. On April 19, 2017, PLAINTIFF attended court at the Alameda Superior Court related to the referral to the weekend work furlough with the DEPARTMENT. On April 21, 2017 PLAINTIFF reported to the DEPARTMENT regarding his weekend work furlough. PLAINTIFF reported to DEPARTMENT every weekend until the expiration of this weekend commitments. On July 8, 2017, PLAINTIFF was scheduled to leave the COUNTY's jail but was prevented from doing so by the DEPARTMENT and DOES 26-50. The DEPARTMENT and DOES 26-50 informed

1  PLAINTIFF that he had a warrant for his arrest for evading a police officer.  In fact, there was not a
2  valid warrant for PLAINTIFF's arrest.  The DEPARTMENT and DOES 26-50 either knew or should
3  have known that there did not exist a valid warrant for the arrest of PLAINTIFF.
4  27.     Furthermore, PLAINTIFF protested to the DEPARTMENT and DOES 26-50 and pleaded
5  with them that he was not and could not be the person named in the warrant and that he had never
6  evaded any police officer.  The DEPARTMENT and DOES 26-50 disregarded PLAINTIFF's pleas
7  and failed to do any confirmation regarding the validity of the warrant.  Had they done so, the
8  DEPARTMENT and DOES 26-50 would have determined that the warrant was not valid on its face
9  and would have discovered that PLAINTIFF was not the person who evaded LILLIE or the proper
10 subject of the warrant.
11 28.     Based upon the untruthful statement of LILLIE, PLAINTIFF was then charged with violating
12 Penal Code  § 2800.2(a), felony evasion of a police officer in Alameda Superior Court, Case Number
13 17-CR-012046.  PLAINTIFF was forced to hire the services of an attorney to represent him in that
14 matter.  On July 18, 2017, the criminal matter was dismissed and PLAINTIFF was released. On that
15 same day, Alameda Superior Court Judge Yolanda Northridge signed an order deeming PLAINTIFF
16 factually innocent of the alleged charges pursuant to Penal Code § 851.8.
17 29.     Defendant LILLIE's intentional and reckless disregard for PLAINTIFF's rights resulted in the
18 wrongful arrest and confinement of him for a period of 10 days, from July 8, 2017 to July 18, 2017,
19 as he could not afford to post the $100,000 bail. During that period, he suffered severe emotional
20 stress and trauma.  He was unable to work in his profession as a barber and lost income. He was
21 forced to assume debt by retaining counsel to advance his defense, secure his release from custody,
22 seek a judicial finding that he is factually innocent of the charges, obtain an order that law
23 enforcement destroy any record connecting him to the incident reported by LILLIE and ensure that
24 the appropriate notifications are placed in the Criminal Justice Information records.
25 30.     PLAINTIFF was falsely imprisoned, and mentally and emotionally injured and damaged as a
26 proximate result of this incident.
27 31.     PLAINTIFF sustained serious personal injuries, emotional harm and property damage.
28

32. Defendants LILLIE, REGIONAL PARKS, DEPARTMENT and DOES 1-50 neither had reasonable suspicion to detain PLAINTIFF nor probable cause to seize or arrest him. Moreover, Defendants LILLIE, and DOES 1-50 conduct was excessive and unwarranted under the circumstances and did not comport with the dictated of the Fourth Amendment and the Due Process Clauses of the United States and California Constitutions.

## DAMAGES

33. As a proximate result of Defendants REGIONAL PARKS, COUNTY, DEPARTMENT, LILLIE, and DOES 1-50's conduct, PLAINTIFF suffered pain and physical injuries. As a further proximate result of Defendants' conduct, PLAINTIFF suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride. PLAINTIFF was mentally and emotionally injured and damaged as a proximate result of this incident.

34. The conduct of Defendants LILLIE and DOES 1-50 were malicious, wanton, and oppressive. PLAINTIFF is therefore entitled to an award of punitive damages against said Defendants.

35. PLAINTIFF found it necessary to engage the services of private counsel to vindicate his rights under the law. PLAINTIFF is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Against Defendant LILLE, and DOES 1-25)

36. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint.

37. In doing the acts complained of herein, Defendants LILLIE, and DOES 1-25, inclusive, and/or each of them, acted under color of law to deprive PLAINTIFF of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

      b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and/or

      c.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

## (42 U.S.C. § 1983)

**(Against Defendants REGIONAL PARKS, COUNTY, DEPARTMENT and DOES 1-50)**

38.    PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint.

39.    As against Defendants REGIONAL PARKS, COUNTY, DEPARTMENT and DOES 1-50 in their capacity as policy-makers for Defendant REGIONAL PARKS, COUNTY, and DEPARTMENT, PLAINTIFF further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the REGIONAL PARKS, COUNTY, and DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

40.    PLAINTIFF is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of REGIONAL PARKS, COUNTY, DEPARTMENT and DOES 1-50, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendants REGIONAL PARKS, COUNTY, DEPARTMENT and DOES 1-50, and each of them.

41.    The injuries and damages to PLAINTIFF as alleged herein was the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants REGIONAL PARKS, COUNTY, DEPARTMENT and DOES 1-50, and each of them.

42.    PLAINTIFF is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of

1  deliberate indifference in the training, supervision and/or discipline of members of the REGIONAL
2  PARKS, COUNTY, and DEPARTMENT.
3  43.  PLAINTIFF is further informed and believes and upon such information and belief alleges
4  that PLAINTIFF's damages and injuries were caused by customs, policies, patterns or practices of
5  Defendants REGIONAL PARKS, COUNTY, DEPARTMENT and DOES 1-50, and each of them, of
6  deliberate indifference in the training, supervision and/or discipline of Defendants DOES 1-50 and/or
7  each of them.
8  44.  The aforementioned customs, policies or practices of REGIONAL PARKS, COUNTY,
9  DEPARTMENT and DOES 1-50, and each of them, resulted in the deprivation of PLAINTIFF'S
10 constitutional rights including, but not limited to, the following:
11      a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth
12          and Fourteenth Amendments to the United States Constitution;
13      b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by
14          the Fifth and Fourteenth Amendments to the United States Constitution; and/or
15      c.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to
16          the United States Constitution;
17 45.  WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Assault)
### (Against Defendants LILLIE, and DOES 1-50)

21 46.  PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 65 of this
22 Complaint.
23 47.  Defendants LILLIE, and DOES 1-50, inclusive, caused PLAINTIFF to be placed in
24 immediate fear of death and severe bodily harm by the conduct alleged herein.
25 48.  These Defendants' conduct was neither privileged nor justified under statute or common law.
26 49.  As a proximate result of Defendants' conduct, PLAINTIFF suffered damages as hereinafter
27 set forth.
28

50. PLAINTIFF is informed and believes that the aforesaid acts directed towards the PLAINTIFF were carried by Defendant LILLIE, and DOES 1-50, inclusive with malic and were belligerent; and said acts were done with a conscious disregard of PLAINTIFF's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section 3294, entitling PLAINTIFF to punitive damages in an amount appropriate to punish and set an example of said Defendant LILLIE, and DOES 1-50.

51. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Battery)

### (Against Defendants LILLIE, and DOES 1-50)

52. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 70 of this Complaint.

53. Defendants LILLIE, and DOES 1-50, inclusive, placed PLAINTIFF in immediate fear of death and severe bodily harm by engaging in the conduct alleged herein.

54. Defendants LILLIE, and DOES 1-50, inclusive intentionally and recklessly did acts which resulted in offensive contact with the PLAINTIFF's person.

55. Defendants LILLIE, and DOES 1-50, did the aforementioned acts with the intent to cause a harmful or offensive contact the body of Plaintiff.

56. Defendants LILLIE, and DOES 1-50's conduct was neither privileged nor justified under statute or common law.

57. PLAINTIFF is informed and believes that the aforesaid acts directed towards the PLAINTIFF were carried by Defendant LILLIE, and DOES 1-50, inclusive with malic and were belligerent; and said acts were done with a conscious disregard of PLAINTIFF's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section 3294, entitling PLAINTIFF to punitive damages in an amount appropriate to punish and set an example of said Defendant LILLIE, and DOES 1-50.

58. As a proximate result of Defendants LILLIE, and DOES 1-50's conduct, PLAINTIFF suffered damages as hereinafter set forth.

59. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(False Imprisonment)**

**(Against REGIONAL PARKS, COUNTY, DEPARTMENT, LILLIE, and DOES 1-50)**

60. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 75 of this Complaint.

61. Defendants LILLIE, and DOES 1-50, inclusive, falsely imprisoned PLAINTIFF without probable cause. Defendant LILLIE intentionally caused PLAINTIFF to be imprisoned knowing that such imprisonment was not justified or lawful. PLAINTIFF had not committed any crime, and there was no basis upon which defendants could have reasonably believed that PLAINTIFF had committed any crime.

62. Defendants LILLIE, and DOES 1-50, inclusive, failed to observe proper procedures in falsely imprisoning PLAINTIFF without probable cause. These Defendants exceeded the limits of their authority as police officers in falsely imprisoning the PLAINTIFF without probable cause, and in using excessive and unnecessary force against PLAINTIFF in effectuating such false imprisonment.

63. As a proximate result of Defendants' conduct, PLAINTIFF suffered damages as hereinafter set forth.

64. PLAINTIFF is informed and believes that the aforesaid acts directed towards the PLAINTIFF were carried by Defendant LILLIE, and DOES 1-50, inclusive with malic and were belligerent; and said acts were done with a conscious disregard of PLAINTIFF's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section 3294, entitling PLAINTIFF to punitive damages in an amount appropriate to punish and set an example of said Defendant LILLIE, and DOES 1-50.

65. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

//
//
//
//

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against REGIONAL PARKS, COUNTY, DEPARTMENT, LILLIE, and DOES 1-50)

66. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 81 of this Complaint.

67. The conduct of Defendants LILLIE, and DOES 1-50, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by individuals in a democratic and civilized society.

68. Defendants LILLIE, and DOES 1-50, inclusive, committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon PLAINTIFF.

69. As a proximate result of Defendants LILLIE, and DOES 1-50's willful, intentional and malicious conduct, PLAINTIFF suffered severe and extreme mental and emotional distress.

70. PLAINTIFF is informed and believes that the aforesaid acts directed towards the PLAINTIFF were carried by Defendant LILLIE, and DOES 1-50, inclusive with malic and were belligerent; and said acts were done with a conscious disregard of PLAINTIFF's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section 3294, entitling PLAINTIFF to punitive damages in an amount appropriate to punish and set an example of said Defendant LILLIE, and DOES 1-50.

71. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Against Defendants LILLIE and DOES 1-50)

72. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 87 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

73. The wrongful conduct of Defendants LILLIE, and DOES 1-50, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of PLAINTIFF.

74. As a proximate result of Defendants' negligent conduct, PLAINTIFF has suffered severe emotional and mental distress, having a traumatic effect on PLAINTIFF'S emotional tranquility.

75. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

**(Violation of Civil Code Section 51.7)**

**(Against Defendants LILLIE and DOES 1-50)**

76. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 91 of this complaint.

77. PLAINTIFF is informed and believes and thereon alleges that the conduct of Defendants LILLIE, and DOES 1-50, inclusive, as described herein, was motivated by racial prejudice against Plaintiff. In engaging in such conduct, Defendants violated PLAINTIFF'S rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race. PLAINTIFF could not have left his imprisonment without suffering severe physical violence or death.

78. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

79. As a proximate result of Defendants' wrongful conduct, PLAINTIFF suffered damages as hereinafter set forth.

80. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## NIINTH CAUSE OF ACTION

**(Violation of Civil Code Section 52.1)**

**(Against Defendants LILLIE and DOES 1-50)**

81. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 96 of this Complaint.

82. The conduct of Defendants LILLIE, and DOES 1-50, inclusive, as described herein, acting in the course and scope of their employment for Defendants REGIONAL PARKS, DEPARTMENT,

violated California Civil Code Section 52.1, in that they interfered with PLAINTIFF'S exercise and enjoyment of their civil rights, through the use of wrongful and excessive force.

83. As a direct and proximate result of Defendant LILLIE and DOES 1-50's, violation of Civil Code Section 52.1, PLAINTIFF suffered violations of their constitutional rights, and suffered damages as set forth herein.

84. Since this conduct occurred in the course and scope of their employment, Defendants REGIONAL PARKS, COUNTY and DEPARTMENT are therefore liable to PLAINTIFF pursuant to respondeat superior.

85. PLAINTIFF is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

86. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

### (Negligence)

### (Against Defendants REGIONAL PARKS, COUNTY, DEPARTMENT, LILLIE, and DOES 1-50)

87. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 102 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants REGIONAL PARKS, COUNTY, DEPARTMENT, LILLIE and DOES 1-50, and any and all allegations requesting punitive damages.

88. At all times herein mentioned Defendants REGIONAL PARKS, COUNTY, DEPARTMENT, LILLIE and DOES 1-50, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their failure to investigate, the use of force and detaining PLAINTIFF. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), REGIONAL PARKS, COUNTY, and DEPARTMENT, are vicariously liable to PLAINTIFF for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants LILLIE and DOES 1-50.

89. As a proximate result of Defendants' negligent conduct, PLAINTIFF suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on PLAINTIFF'S emotional tranquility, and suffered damages.

90. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION

**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**

**(Against Defendants REGIONAL PARKS, COUNTY, and DOES 1-50)**

91. PLAINTIFF re-alleges and incorporate by reference herein paragraphs 1 through 106 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants REGIONAL PARKS, COUNTY, DEPARTMENT and DOES 1-50, and any and all allegations requesting punitive damages.

92. At all times herein mentioned, Defendants REGIONAL PARKS, COUNTY, and DEPARTMENT by and through its supervisory employees and agents Defendants DOES 1-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to other individuals. With deliberate indifference Defendants REGIONAL PARKS, COUNTY, DEPARTMENT and DOES 1-50 inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of PLAINTIFF's rights and injury to said PLAINTIFF. Defendants REGIONAL PARKS, COUNTY, DEPARTMENT and DOES 1-50, inclusive, breached their duty of care to individuals in that Defendants REGIONAL PARKS, COUNTY, and DEPARTMENT failed to adequately train their deputy officers, including Defendants LILLIE and DOES 1-50, inclusive, in the proper and reasonable investigative techniques, identification of suspects, cross-cultural identification of suspects, making of arrests, and treating individuals in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and treating individuals in a manner that is not racially discriminatory. This lack of adequate supervisory training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by officers employed by

1  Defendants REGIONAL PARKS, COUNTY and DEPARTMENT the continuing failure to make
2  proper and reasonable arrests by deputy officers employed by Defendants REGIONAL PARKS,
3  COUNTY and DEPARTMENT and continuing racially discriminatory behavior towards individuals
4  by deputy officers employed by Defendants REGIONAL PARKS, COUNTY and DEPARTMENT.
5  93.   As a proximate result of Defendants REGIONAL PARKS, COUNTY and DEPARTMENT
6  and DOES 1-50's, inclusive, negligent conduct, PLAINTIFF suffered severe physical injury, severe
7  emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility,
8  and suffered damages.
9  94.   WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFF hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, PLAINTIFF prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining Defendants REGIONAL PARKS, COUNTY and DEPARTMENT from authorizing, allowing, or ratifying the practice by any police officer employee of Defendants REGIONAL PARKS, COUNTY and DEPARTMENT from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and

1   9.  For such other and further relief as the Court deems just and proper.

3   Dated:  August 21, 2018                    /s/ Paul Alaga
4                                               Paul L. Alaga, Attorney for Plaintiff