UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TASSIN,<br><br>    Plaintiff,<br><br>v.<br><br>EAST BAY REGIONAL PARKS DISTRICT POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 18-cv-05109-EMC<br><br>**ORDER RE DEFENDANTS' MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY**<br><br>Docket No. 17 |

Previously, the Court stated that it could not rule on Defendants' qualified immunity argument based on the record before it. *See* Docket No. 26 (Order at 2). Pursuant to the Court's order, Mr. Tassin has provided copies of photos of himself and screenshots of the suspect taken from the video from Officer Lillie's bodycam. Based on this submission, the Court denies the motion to dismiss the § 1983 claim against Officer Lillie based on qualified immunity.

> "[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" The second prong requires us to analyze two discrete sub-elements: "whether the law governing the conduct at issue was clearly established" and "whether the facts as alleged could support a reasonable belief that the conduct in question conformed to the established law."

*Easley v. City of Riverside*, 890 F.3d 851, 856 (9th Cir. 2018). Qualified immunity is designed to protect officers when they make reasonable mistakes. *See id.* Here, Mr. Tassin alleges that it was clear from the photos and video that he and the suspect were different people; it is evident from

///

///

the photographs now attached to the complaint that a reasonable jury could find Officer Lillie was not entitled to qualified immunity. Qualified immunity cannot be decided as a question of law on the current Rule 12(b)(6) motion.

**IT IS SO ORDERED**.

Dated: January 22, 2019

_____
EDWARD M. CHEN
United States District Judge